## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KIMBERLY O'QUINN,                                   Case No.

            Plaintiff,

v.                                                  Honorable

MEIJER GREAT LAKES
LIMITED PARTNERSHIP,

            Defendant.

_____/

JEFFREY S. BURG (P38381)
30700 Telegraph Road, Ste. 1675
Bingham Farms, MI   48025
T-(248) 227-5027
F-248-856-1258

_____

**COMPLAINT AND JURY DEMAND**

Plaintiff states:

## Jurisdiction and Parties

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C.A. § 621, et seq. (ADEA), the Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq. and MCL 37.2701 (ELCRA); the Family and Medical Leave Act of 1993 (FMLA), 29 USC 2601 et seq. (the "FMLA"); Title I of the Americans with Disabilities Act ("ADA"), 42 USC § 12117 and 42 USC §12203;and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1201 et seq.

2. Plaintiff is a resident of the Eastern District of Michigan.

3. Defendant is a domestic corporation that regularly conducts business in the Eastern District of Michigan and is subject to the jurisdiction of this court.

4. Defendant is a person within the meaning of §101(7) of the ADA, 42 USC 12111(7), and Defendant meets all of the requirements for employer status under the ADA, 42 USC 12111(5)(A), and under ELCRA, the ADEA and the FMLA.

5. This court has jurisdiction over Plaintiff's federal claims pursuant to 28 USC 1331, 1343(4); Plaintiff has also filed with the EEOC and received a right to sue letter and is filing this action within the 90-day period following the receipt of the right to sue letter.

6. This Court may exercise pendant jurisdiction over Plaintiff's state law claims arising under the statutes of the State of Michigan, and which arise from a common nucleus of operative fact, pursuant to 28 USC 1367.

7. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 USC 1391(b), wherein Plaintiff resides and Defendant company regularly conducts business and where the actionable wrongful conduct occurred.

## Background Facts

8. Plaintiff realleges paragraphs 1-7 above as though fully set forth herein.

9. Plaintiff was over 40 years old at all times relevant to this action.

10. Plaintiff was hired by Defendant on or about August 29, 2016 as a pharmacy technician I and was promoted to level II after 90 days.

11. Plaintiff has a chronic disability of asthmatic bronchitis.

12. Plaintiff informed Defendant of her disability on multiple occasions and on multiple occasions requested accommodation, sometimes in writing, of her disability in the form of requesting short periods of time during the work day as needed for her to be able to use her nebulizer to treat her bronchitis.

13. In January, 2018, Plaintiff complained to Defendant's human resources department in writing that Plaintiff was being harassed by certain of her

colleagues, who made ageist comments to Plaintiff, including but not limited to calling Plaintiff "grandmother."

14. Plaintiff reported the harassment and the ageist remarks to management and to human resources.

15. Defendant's agents did nothing to address Plaintiff's complaints.

16. On June 19, 2018, Plaintiff was discharged for the asserted reason that Plaintiff was on work premises when she should not have been.

17. This reason given for the discharge of Plaintiff's employment was false and pretextual.

## COUNT I: VIOLATION OF THE ADA

18. Plaintiff incorporates all preceding allegations as though fully set forth herein.

19. At all relevant times, Plaintiff was an individual with a *disability* within the meaning of §3(2) of the ADA, 42 USC 12102(2). Specifically, Plaintiff has a physical impairment, asthmatic bronchitis, that substantially limits one or more of her major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

20. Plaintiff is a *qualified individual with a disability* as that term is defined in the ADA. 42 USC 12111(8).

21. Plaintiff is an individual who, with reasonable accommodation, can perform the essential functions of her job as a pharmacy technician at Defendant's facility.

22. In rejection of Plaintiff's request for accommodation, Defendant refused to allow Plaintiff time to use her nebulizer during the workday.

23. Defendant's failure to make reasonable accommodations for Plaintiff constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment. This conduct constitutes a violation of the ADA. 42 USC 12112(b)(5)(A).

24. Defendant also failed to undertake any good-faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation for Plaintiff.

25. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

26. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

27. In addition, Defendant's failure to make reasonable accommodation to Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

    a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter

    b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter

    c. an award to Plaintiff of attorney fees, costs of litigation, and interest

    d. an order of this court granting Plaintiff further relief that it deems just and equitable

## COUNT II: VIOLATION OF THE PWDCRA

28.   Plaintiff incorporates all preceding allegations as though fully set forth herein.

29.   At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of MCL 37.1103 et seq. Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

30.   Plaintiff is an individual who, with or without reasonable accommodation, can perform the essential functions of her job as pharmacy technician at Defendant's facility.

31. In rejection of Plaintiff's written request for accommodation, even though Defendant had available methods of accommodation which were not burdensome to Defendant in any manner, Defendant refused to accommodate Plaintiff's written request for accommodation.

32. Defendant's failure to make reasonable accommodations for Plaintiff, constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment in violation of the PWDCRA.

33. Defendant conducted itself with malice and/or with reckless indifference to Plaintiff's protected rights.

34. As a direct and proximate result of Defendant's discrimination on the basis of Plaintiff's disability or perceived disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

35. In addition, Defendant's failure to make reasonable accommodation to Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental, emotional and physical pain and anguish, loss of enjoyment of life, and other nonpecuniary losses.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

## Count III- Violation of ADEA

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully stated herein.

37. To the extent the adverse employment actions identified above were motivated by Plaintiff's age, Defendant has engaged in unlawful employment discrimination in violation of the ADEA.

38. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## Damages

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

1. Legal relief

   a. a judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

   b. compensatory damages in whatever amount she is found to be entitled;

   c. punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay;

   d. liquidated damages;

   e. an award of interest, costs, and reasonable attorney fees.

2. Equitable relief

   a. an order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendant;

   b. an injunction prohibiting any further acts of retaliation or discrimination;

   c. an award of interest, costs, and reasonable attorney fees;

   d. whatever other equitable relief appears appropriate at the time of trial.

## Count IV- Violation of ELCRA --AGE

39. Plaintiff incorporates by reference paragraphs 1 through 38 as though fully stated herein.

40. To the extent the adverse employment actions identified above were motivated by Plaintiff's age, Defendant has engaged in unlawful employment discrimination in violation of the ELCRA.

9

41. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**Damages**

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

3. Legal relief

    a. a judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

    b. compensatory damages in whatever amount she is found to be entitled;

    c. punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay;

    d. liquidated damages;

    e. an award of interest, costs, and reasonable attorney fees.

4. Equitable relief

    a. an order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendant;

b. an injunction prohibiting any further acts of retaliation or discrimination;

c. an award of interest, costs, and reasonable attorney fees;

whatever other equitable relief appears appropriate at the time of trial.

## Count V- Violation of ELCRA- RETALIATION

42. Plaintiff incorporates by reference paragraphs 1 through 41 as though fully stated herein.

43. To the extent the adverse employment actions identified above were motivated by Plaintiff's complaints of discrimination and a hostile environment, Defendant has engaged in unlawful employment discrimination in the form of retaliation, in violation of the ELCRA.

44. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## Damages

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

a. Legal relief

11

    a. a judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

    b. compensatory damages in whatever amount she is found to be entitled;

    c. punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay;

    d. liquidated damages;

    e. an award of interest, costs, and reasonable attorney fees.

b. Equitable relief

    a. an order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendant;

    b. an injunction prohibiting any further acts of retaliation or discrimination;

    c. an award of interest, costs, and reasonable attorney fees;

    d. whatever other equitable relief appears appropriate at the time of trial.

Respectfully submitted,

Law Offices Jeffrey S. Burg, Esq.

/s/ Jeffrey S. Burg

_____

Jeffrey S. Burg

Dated: March 22, 2019              Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury where appropriate.

> Respectfully submitted,
>
> Law Offices Jeffrey S. Burg, Esq.
>
> /s/ Jeffrey S. Burg
> _____
>
> Jeffrey S. Burg
> Attorney for Plaintiff
> Dated: March 22, 2019